IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN GROVO,<br><br>Defendant. | Cause No. CR 13-30-M-DWM<br><br><br><br>ORDER |

Defendant Grovo moves the Court for "correction of sentence error, Rule 60(b)," and compassionate release under 18 U.S.C. § 3582(c)(1)(A). He is currently serving a 360-month sentence for his involvement in a child exploitation enterprise and conspiring to advertise child pornography. *See* Judgment (Doc. 742).

**Correction of Sentence and Rule 60(b)**

Grovo contends that his sentence was unfair and asks the Court to impose a different one. But once a sentence is imposed, the sentencing court has limited authority to alter it. Grovo does not meet any of the criteria listed in 18 U.S.C. § 3582(c)(1)(B) or (c)(2). He has already filed a motion under 28 U.S.C. § 2255, *see* Mot. § 2255 (Doc. 826); Order (Doc. 830); 9th Cir. Order (Doc. 840), so the Court

1

lacks jurisdiction to consider another, *see Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam); 28 U.S.C. § 2244(b)(3). Grovo does not identify any defect in the first proceeding under § 2255. He simply asks the Court to think again. Federal Rule of Civil Procedure 60(b) does not apply. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005).

Grovo's request for a different sentence is denied. A certificate of appealability is denied as no reasonable jurist would find a potentially meritorious issue in Grovo's request, much less a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012); *see also* Mem. (Doc. 807) at 6, *United States v. Grovo*, No. 15-30016 (9th Cir. June 23, 2016) (affirming 360-month sentence).

**Motion for Compassionate Release**

Grovo was arrested on December 19, 2013. *See* Docket Entry (Dec. 19, 2013). His projected release date is June 19, 2040. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Dec. 8, 2020).

Any sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1] After

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of

considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Grovo's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Grovo must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Because § 3553(a) and § 3142(g) are similar, the Court considers them together under the second prong of the guideline.

Grovo is incarcerated at the Federal Medical Center in Devens, Massachusetts.[2] He has undergone a tracheostomy, *see* Medical Record (Doc. 843) at 1–2, apparently as a result of suicide attempts, *see, e.g.*, *id*. at 204, 1048; *see also* Presentence Report ¶¶ 149, 151–154, and says he requires medical treatment he has not obtained due to measures taken to control the SARS-CoV-2 virus, *see* Mot. (Doc. 841) at 2. Many patients who are not prisoners are having the same experience. Appreciating that a tracheostomy likely poses a higher risk

---

the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

[2] As of December 7, 2020, no inmates and eight staff members at FMC Devens currently test positive for the virus or disease. Forty-three inmates and 15 staff members have recovered, but two inmates died. *See* Interactive Map, www.bop.gov/coronavirus (accessed Dec. 8, 2020).

3

of infection of any kind, including the SARS-CoV-2 virus, Grovo is likely at higher risk than other inmates of contracting COVID-19. He might also be at higher risk of developing severe illness, due to his preexisting conditions.

But even assuming, for the sake of argument, that Grovo meets the high threshold of showing an extraordinary and compelling reason warranting early release, the objectives of federal sentencing under 18 U.S.C. § 3553(a) preclude it. Grovo has served just under seven years of a thirty-year sentence. Releasing him would denigrate the seriousness of the offense and further undermine Grovo's already minimal respect for the law. It would also endanger the public by release of a man who committed a hands-on offense against a child and expressed determination to do so again. *See* Statement of Reasons (Doc. 743) at 4 § VIII; Presentence Report ¶¶ 103–105, 123–124, 129; *see also* Presentence Report ¶¶ 133, 134 (convictions for failure to register), 141, 142 (dismissed charges for failure to register). Grovo's medical issues are largely due to his own efforts to harm himself to obtain acquittal or release. *See* Presentence Report ¶¶ 149, 151– 154. Grovo's conduct in prison, *see* Disciplinary Record (Doc. 842-1 at 1–4), demonstrates that he continues to disregard rules and norms to serve his own impulses. If released, he could not be trusted to comply with his conditions.

Grovo's motion for compassionate release is denied pursuant to 18 U.S.C. §

4

3553(a)(1) and (2) and U.S.S.G. § 1B1.13(2).

Accordingly, IT IS ORDERED:

1. Grovo's motion (Doc. 841) to correct the sentence is DENIED.

2. Grovo's motion for relief under Federal Rule of Civil Procedure 60(b) (Doc. 841) is DISMISSED for lack of jurisdiction as an unauthorized second or successive motion under 28 U.S.C. § 2255.

3. A certificate of appealability is DENIED.

4. Grovo's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 841) is DENIED.

DATED this 8th day of December, 2020.

_____  11:24 AM
Donald W. Molloy
United States District Court