IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN GROVO,<br><br>Defendant. | CR 13-30-M-DWM-13<br><br><br><br>ORDER |

On April 18, 2025, Defendant Steven Grovo filed a motion under 18 U.S.C. § 3582(c) seeking to reduce his 360-month sentence.[1] (Doc. 882; *see* Doc. 609.)[2] The government opposes. (Doc. 884.) His current projected release date is October 5, 2040. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed August 12, 2025). For the reasons stated below, Grovo's motion is denied.[3]

---

[1] Following a bench trial, Grovo was convicted of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d), (e). (Doc. 609.)

[2] This is Grovo's fifth motion for compassionate release. (Docs. 841, 846, 848, 874, 882.) His fourth motion for compassionate release was voluntarily dismissed. (Docs. 880, 881.) The other three motions were denied. (Docs. 844, 847, 849.)

[3] Grovo is not appointed counsel, as requested, (Doc. 882 at 6), because not only is this is his fifth motion for compassionate release, but he has not sufficiently articulated the necessity of such counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding that a prisoner's post-conviction right to counsel extends only to the first appeal of right); *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005) (explaining the decision whether to appoint counsel in post-conviction proceedings is discretionary).

1

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Court must also find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG §1B1.13(a)(2).

Here, Grovo argues that his "age, length of time served, changes in the law, rehabilitation, disparity in sentence, . . . serious medical issues[,]" and "unusually harsh" prison conditions constitute extraordinary and compelling reasons for a reduction of his sentence. (Doc. 882 at 1, 14.) Because he is incorrect, the § 3553(a) factors weigh heavily against such a reduction, and he poses a danger to the safety of the community, USSG §1B1.13(a)(2), his motion is denied.

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Grovo made a request to the warden of his facility for compassionate release, (Doc. 884-2), and no relief was granted, (Doc. 884-3). Grovo has therefore exhausted his administrative remedies as required by statute.

## II.    Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Guidelines provide explicit examples of what constitutes such circumstances. *See* USSG §1B1.13. The Sentencing Commission also explains that the defendant may additionally "present[] any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" such examples. § 1B1.13(b)(5).

### a. Age and Time Served

Grovo argues that because he is 46 years old and "has been incarcerated since 2013," he "is now at an age associated with significantly decreased recidivism[,]" which constitutes an extraordinary and compelling reason for relief. (Doc. 882 at 3.) Neither time served nor aging alone constitute an extraordinary and compelling reason for a sentence reduction. *See generally* USSG §1B1.13 Indeed, the "age of the defendant" is only such a reason if the defendant "is at least

3

65 years old;" "is experiencing a serious deterioration in physical or mental health because of the aging process; and" "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG §1B1.13(b)(2). Although Grovo has served over 10 years of his term of imprisonment, because he is 46 years old, his age and this time served cannot constitute an extraordinary and compelling reason for a reduction of his sentence.

### b. Changes in Law

Grovo does not make specific arguments as to what changes in the law should be considered for the purpose of determining whether an extraordinary and compelling reason for relief exists. Instead, he asserts that the First Step Act amended USSG §1B1.13 "add[ing] two new 'extraordinary and compelling' reasons for reducing sentence, bringing the total to six." (Doc. 882 at 7.)

As to changes in the law, the Sentencing Commission explains that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG §1B1.13(6). Grovo does not argue that his sentence is unusually

long and the punishment for Grovo's crimes have not changed since his sentencing. *Compare* 18 U.S.C. § 2252A(g) (current), *and* 18 U.S.C. § 2251(d), (e) (current), *with* 18 U.S.C. § 2252A(g) (effective Dec. 7, 2012 to Dec. 6, 2018), *and* 18 U.S.C. § 2251(d), (e) (effective Oct. 13, 2008 to Dec. 22, 2024). Thus, Grovo's mere description of this amendment does not constitute an extraordinary and compelling reason for relief.

### c. Medical Conditions

Grovo argues that BOP is failing to provide adequate medical care for his anxiety disorder, depression, tracheostomy, acute bronchitis, gastroesophageal reflux disease ("GERD"), inguinal hernia, and umbilical hernia. (Doc. 882 at 9–14.)

Relevant here, the Sentencing Commission explains that extraordinary and compelling reasons exist if "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[,]" §1B1.13(b)(1)(B), or if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death[,]" §1B1.13(b)(1)(C).

As to his anxiety, depression, acute bronchitis, and GERD, Grovo merely

explains these conditions, states that he has been diagnosed with each of them, and then asserts that courts have granted compassionate release to defendants suffering from such conditions. (Doc. 882 at 11–12.) Although these conditions are serious, Grovo has neither shown that these conditions diminish his ability to provide self-care, *see* §1B1.13(b)(1)(B), nor that they put him at risk of serious deterioration in health or death, *see* §1B1.13(b)(1)(C).

As to his tracheostomy, Grovo asserts that BOP has failed to both provide adequate cleaning material and replacement tubes and "follow up on appointments." (Doc. 882 at 11.) Grovo's medical records show that he has received supplies for his tracheotomy on June 13, 2025 and July 15, 2025. (Doc. 885 at 212–13.) Each "receipt of monthly medical supplies" included five "trach clean and care tray[s,]" three sleeves of gauze, eight "trach foam neck strap[s,]" and one box of "cuffless flexible tracheostomy tube[s]." (*Id.*) Thus, he is being provided adequate care following his tracheostomy. *See* §1B1.13(b)(1)(C).

As to his inguinal hernia and umbilical hernia, Grovo asserts that BOP has "refused to treat" both conditions, and that courts have granted compassionate release to defendants who suffer from these conditions. (Doc. 882 at 13–14.) However, Grovo's medical records show that his hernias have been treated on numerous occasions, including: his initial diagnoses, (Doc. 885 at 69), an emergency hospitalization, (*id.* at 156), the creation of a plan by General Surgery

6

to "repair with mesh" his inguinal hernia and "repair +/- mesh" his umbilical

hernia, (*id.* at 222), and the setting of a target date for surgeries on his two hernias,

(*id.* at 144).  Thus, Grovo's medical records show that he is being provided

adequate care for his inguinal hernia and umbilical hernia.  *See* §1B1.13(b)(1)(C).

### d. Catchall Provision

The Sentencing Commission also includes a catch-all provision that states a

defendant may "present any other circumstance or combination of circumstances

that, when considered by themselves or together with any of the" examples

provided by the Sentencing Commission, "are similar in gravity to" such examples.

USSG § 1B1.13(b)(5).  Pursuant to this catch-all provision, Grovo argues his

disparate sentence, prison conditions, his remorse, and his rehabilitation alone or in

combination with the above reasons constitute justification for sentence reduction.

As to each ground for relief, Grovo is incorrect.

### i. Disparity

Grovo argues gross disparity on two grounds.  First, relying on Sentencing

Commission statistics, Grovo argues there is a gross disparity between his sentence

and "the average prison sentence imposed national for child pornography in 2023."

(Doc. 882 at 3.)  Second, he asserts that there is a gross disparity between his

sentence and the more lenient sentences imposed on his co-defendants.  (*Id.* at 15.)

As to his first argument, the Sentencing Commission statistics that Grovo

relies on use the "crime type" of "child pornography" which includes various offenses with differing statutory mandatory minimums. U.S. Sent'g Comm'n, 2023 Sourcebook of Federal Sentencing Statistics (2023). For example, the offense of certain activities relating to material involving the sexual exploitation of minors requires a 5-year statutory minimum term of imprisonment. 18 U.S.C. § 2252(b)(1). Grovo's offenses of conviction—engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g) and conspiracy to advertise child pornography in violation of 18 U.S.C. § 2251(d) and (e)—require a 20-year and a 15-year mandatory minimum term of imprisonment, respectively. Other Sentencing Commission data from this same year shows that the use of the Guideline for the offense of child exploitation enterprise, USSG §2G2.6, was only applied 13 times, whereas the Guidelines for other child pornography crime type offenses, USSG §§2G2.1, 2G2.2, were applied 1,464 times and 1,492 times, respectively. U.S. Sent'g Comm'n, Use of Guidelines and Specific Offense Characteristics Guideline Calculation Based, at 98–99, 103 (2023). Thus, the statistics that Grovo relies on are not representative of the specific offenses of which he was convicted. Even if the statistics were representative, Grovo's particular sentence is warranted as explained below.

As to his second argument, the July 12, 2018 Order denying Grovo's 28 U.S.C. 2255 motion explained that Grovo's disparate sentence, as compared to his

co-defendants, was justified because of his specific conduct and the calculated Guideline range. (Doc. 828 at 9–10.) His Guideline range reflected his criminal history category of III and a prior hands-on offense. (*Id.* at 10.) All other co-defendants, except one, had a criminal history category of I, and no other co-defendants had a prior hands-on offense. (*Id.*)

Thus, the sentence that Grovo received remains warranted.

### ii.  Prison Conditions

Grovo argues that federal prisons have become unsafe due to staff shortages, the availability of medical services only "on an emergency basis[,]" the housing of dangerous gang members, and the uncontrolled availability of illicit drugs. (Doc. 882 at 14–15.) Although such conditions are of concern and can give rise to other legal remedies, they cannot justify compassionate release. *United States v. Roberts*, 2024 WL 4729084, at *2 (D. Minn. Nov. 8, 2024); *see United States v. Williams*, 2025 WL 1284882, at *7 (W.D. Va. May 2, 2025) (collecting case). Indeed, the Sentencing Guidelines do not contemplate that prison conditions constitute an extraordinary and compelling reason. *See* USSG §1B1.13; *Williams*, 2025 WL 1284882, at *7.

### iii.  Remorse and Rehabilitation

Lastly, Grovo asserts that his remorse and rehabilitation warrant a sentence reduction. (*Id.* at 16–17.) Although rehabilitation of a defendant alone is not "an

extraordinary and compelling reason," it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's imprisonment is warranted." §1B1.13(d).

The record shows that Grovo is neither remorseful nor rehabilitated. Less than two months ago, in June 2025, a Psychological Diagnostic Interview found that "Grovo continues to meet diagnostic criteria for Narcissistic Personality Disorder" which included a "lack[ of] empathy as it relates to his offense" in that he still "denies child abuse images have victims" and "has continued to make attempts to obtain pictures of underage females." (Doc. 885-2 at 66.) Further, Grovo has violated prison rules throughout his term of imprisonment. (Doc. 884-1.) Indeed, as recently as July 7, 2025, Grovo was sanctioned for "possessing an unauthorized item." (*Id.* at 1.) Thus, Grovo fails to demonstrate remorse or rehabilitation.

## III.    Section 3553(a) Factors

To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and

to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory Guidelines range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

As applied to Grovo, the § 3553(a) factors weigh heavily against relief. The nature and circumstances of Grovo's offense were egregious. Between 2009 and 2012, Grovo was an active member of an invitation-only, online child pornography bulletin board. (PSR ¶¶ 13–19, 81.) Grovo advertised, received, distributed, and viewed child pornography, (PSR ¶¶ 13–19), and posted over 330 times on the bulletin board, (PSR ¶¶ 81–85). During the search of his residence by law enforcement, Grovo admitted to his board membership, viewing and downloading child pornography, and owning a white binder that contained hard copies of sexually explicit images of children. (PSR ¶ 101.) At sentencing, the government presented numerous comments made by Grovo on the board regarding his desire to sexually assault female children. (PSR ¶¶ 101–05.) Thus, Grovo's sentence, as imposed, sufficiently reflects the seriousness of his crimes, promotes respect for the law, and provides just punishment.

Grovo's history and characteristics are equally egregious. He was previously convicted of sexually assaulting a 11-year-old female child. (PSR ¶

11

129.)  He was convicted twice for failing to register as a sex offender.  (PSR ¶¶ 133–34.)  He has also been convicted of loitering and prowling, assault, escape, and theft by deception.  (PSR ¶¶ 130, 134.)  While on supervision for his conviction of sexually assaulting a child, he violated his conditions by using drugs, failing to report, and repeatedly possessing pornographic materials.  (PSR ¶ 131.)  Further, as was contemplated at sentencing, Grovo has stated his "intent" regarding the abuse of children is that "he's going to ultimately end up, in his words, getting the real thing and will stop at nothing to obtain it[,]" regardless of "how hard the problem is or what the impediments are."  (Doc. 777 at 50.)[4]  Grovo has asserted that to avoid "draconian" United States law, he will either "acquire dual nationality" or go to "Europe or South America to indulge in" the sexual assault and rape of children.  (PSR ¶¶ 103–05.)  Although Grovo asserts that he "is not the same person who stood before this Court in 2015" because he "has a different perspective on life and freedom" now, (Doc. 882 at 18–19), his statement is belied by the record, as explained above, particularly his present denial that child sexual abuse images have victims and his continual attempts to obtain pictures of female children, (Doc. 885-2 at 66).  Thus, Grovo's sentence, as imposed, sufficiently reflects the need to deter criminal conduct and protect the public.

IV.    **Danger to the Community**

---

[4] (PSR ¶ 104 ("I want the real fucking thing and will stop at nothing to obtain it.").)

12

Lastly, to grant relief under a motion for compassionate release, a court must find that "the defendant is not a danger to the safety of . . . the community, as provided in 18 U.S.C. § 3142(g)." USSG §1B1.13(a)(2). Grovo poses a grave danger to the safety of the community, as explained above.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c), (Doc. 882), is DENIED.

DATED this 19ᵗʰ day of August, 2025.

Donald W. Molloy, District Judge
United States District Court

13